## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **1. LISA S. WHITLOCK, an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 17-cv-214-JED-FHM** |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **1. ACADEMY, LTD. d/b/a ACADEMY** | ) | **ATTORNEY'S LIEN CLAIMED** |
| **SPORTS & OUTDOORS, a foreign limited** | ) | **FOR THE FIRM** |
| **partnership,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Lisa Whitlock ("Plaintiff"), by and through her attorney of record, Charles C. Vaught of Armstrong & Vaught, P.L.C., and brings this action for age and gender discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, and for failure to page all wages under the Oklahoma Protection of Labor Act ("OPLA"), 40 Okla. Stat. Ann. §§ 165.1, *et seq.* against Defendant, Academy, Ltd. d/b/a Academy Sports & Outdoors. In support thereof, Plaintiff hereby states and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1367(a). In particular, jurisdiction is premised on a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

2. Declaratory and equitable relief are sought pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202, and compensatory and punitive damages are sought pursuant to 42 U.S.C. §§ 2000e, *et seq.*

3. Costs and attorneys' fees may be awarded pursuant to Rule 54 of the Federal Rules of Civil Procedure and the above statutes.

4. This Court has jurisdiction over the parties and the subject matter of this action, and this action properly lies in the Northern District of Oklahoma, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1391(b), because the unlawful employment practices alleged herein arose in this judicial district.

5. Plaintiff is and was, at all times relevant hereto, a resident of the State of Oklahoma, residing in Tulsa, Tulsa County, Oklahoma.

6. The acts and/or omissions giving rise to this lawsuit occurred in Tulsa County, State of Oklahoma.

7. In conformance with Title VII statutory prerequisites, Plaintiff submitted pre-charge information to the United States Equal Employment Opportunity Commission ("EEOC"). Subsequently, Plaintiff submitted a Charge of Discrimination to the EEOC. The EEOC completed its investigation and issued a Notice of Right to Sue on January 26, 2017 (attached as Exhibit A hereto and hereby incorporated by reference as though fully set forth herein). Plaintiff received a copy of the Notice of Right to Sue on January 30, 2017 and instituted this action within 90 days of her receipt thereof.

8. Defendant is an employer as defined by 42 U.S.C. § 2000e(b), in that it was an employer engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year

9. Plaintiff was at all times relevant hereto an employee as defined by 42 U.S.C. § 2000e(f), in that she was employed by an employer.

## OPERATIVE FACTS

10. Plaintiff was hired by Defendant in July of 2013 as a part-time team member.

2

11. During her employment, Plaintiff applied for multiple promotions, including Manager on Duty (MOD) of Recreation and Logistic Manager.

12. On May 24, 2016, applied to be a Logistic Manager.

13. On May 31, 2016, Plaintiff interviewed with Amanda Kinson, Human Resource representative, for the Logistic Manager position.

14. Kim Geihsler, Store Manager, told Plaintiff that since her interview went well, she would meet with Jeff Richards, District Manager.

15. Over the next three months, Plaintiff was involved in the Logistics calls reserved for Directors and Managers. Ms. Geihsler told Plaintiff multiple times that the Logistic Manager position was hers and to be patient and wait for her interview with Mr. Richards. However, Plaintiff was never interviewed.

16. Plaintiff applied for several positions with the company that required an interview with Mr. Richards, but was never interviewed.

17. A younger male was hired as Logistic Manager following Plaintiff's application being denied.

18. Shane Coats, one of Plaintiff's Manager, told the associates that they did not have to listen to Plaintiff's instructions.

19. Plaintiff was moved to Senior Team Lead of Operations, which required her to audit the paperwork necessary to purchase guns.

20. Plaintiff called an associate back to her office after finding an error on a handgun purchase she was responsible for. That associate initially ignored Plaintiff's three pages, but finally met with her. He informed Plaintiff that Mr. Coats instructed him not to listen to her.

21. Plaintiff heard Mr. Coats speak about female employees inappropriately while at work. For example, Mr. Coats would say, "I'd like to tap that one" or "that's a nice rack."

22. On or about October 18, 2016, Plaintiff called Defendant's hotline to file a grievance about Mr. Coats' remarks. Defendant called Plaintiff once to discuss her claims, but Plaintiff did not hear anything after that.

23. On November 6, 2016, Plaintiff observed a female customer stealing from Defendant. One of the Managers on Duty, Hollie Sarracino, had already contacted the police about the issue and Plaintiff was staged next to the front entry to prevent the customer from leaving.  As Ms. Sarracino approached the customer, the customer ran toward the exit door and directly toward Ms. Sarracino.  Plaintiff attempted to stop the customer from leaving but failed to make contact with the customer.  Ms. Sarracino and another Manager on Duty, Shane Coats tackled the customer to the ground.  Plaintiff observed that Ms. Sarracino was holding the customer's right arm and Mr. Coats had his arm around the customer's throat with his knee in the customer's stomach.  As the customer began struggling, Senior Team Lead Rachel Williams assisted Ms. Sarracino and Mr. Coats by holding the customer's legs down.  The customer was ultimately arrested by the police and removed from the store.  Plaintiff's role in this incident was limited to keeping customers away as the altercation ensued.

24. Upon Plaintiff's arrival to work on November 9, 2016, she learned that Ms. Sarracino had been terminated due to the shoplifting incident.

25. Plaintiff worked form 12:15 p.m. until 1:15 p.m. on November 9, 2016, when she was called into the Director's office and terminated for allegedly violating Defendant's external theft policy. However, Defendant's policy prohibits employees from touching shoplifter, which Plaintiff did not do.

26. Plaintiff's time sheet had been altered to show her arriving for work at 12:00 p.m. and leaving at 12:15 p.m., which was not correct.

27. Plaintiff was discriminated against based on her age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§1981, *et seq.*

28. Plaintiff was discriminated against based on her gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§1981, *et seq.*

29. Plaintiff was not paid in full for the work she performed on November 9, 2016.

## <u>FIRST CLAIM</u>
## (AGE DISCRIMINATION IN VIOLATION OF TITLE VII)

30. Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein and would further state as follows:

31. That as a member of a protected class, to wit: 54 years old, Plaintiff is protected from age discrimination under 29 U.S.C. §§ 621, *et seq.* (ADEA);

32. That the disparate treatment of Plaintiff by Defendant and its agents and/or employees was a direct result of discrimination on the basis of her age, to wit: 54 years old, as prohibited by 29 U.S.C. §§ 621, *e. seq.*;

33. That Plaintiff was unfairly treated and that the motivating reason for this treatment was based on her age, to wit: 54 years old, as prohibited by 29 U.S.C. §§ 621, *et seq.*;

34. That Defendant ratified the acts of their agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts;

35. That the conduct complained of constitutes illegal age discrimination in violation of 29 U.S.C. §§ 621, *et seq.*

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff

in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and

punitive damages as provided for by applicable law; and (4) grant Plaintiff such other and further

relief as this Court may deem just, proper and equitable.

## SECOND CLAIM
### (GENDER DISCRIMINATION IN VIOLATION OF TITLE VII)

36.  Plaintiff incorporates and re-alleges the foregoing paragraphs as though fully set forth herein

and would further state as follows:

37.  That as a member of a protected class, to wit: female, Plaintiff is protected from age

discrimination under 42 U.S.C. §§ 2000e, *et seq.*;

38.  That the disparate treatment of Plaintiff by Defendant and its agents and/or employees was a

direct result of discrimination on the basis of her gender, to wit: female, as prohibited by 42

U.S.C. §§ 2000e, *et seq.*;

39.  That Plaintiff was unfairly treated and that the motivating reason for this treatment was based

on her gender, to wit: female, as prohibited by 42 U.S.C. §§ 2000e, *et seq.*;

40.  That Defendant ratified the acts of their agents and employees by failing to take remedial

action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after

receiving actual or constructive notice of those acts;

41.  That the conduct complained of constitutes illegal gender discrimination in violation of 42

U.S.C. §§ 2000e, *et seq*.

**WHEREFORE**, Plaintiff prays that the Defendant appear and answer this Complaint, and

that this Court: (1) declare the conduct engaged in by the Defendant to be in violation of Plaintiff's

rights; (2) enjoin the Defendant from engaging in such conduct; (3) enter a judgment for Plaintiff

in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and compensatory and

punitive damages as provided for by applicable law; and (4) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

### THIRD CLAIM
### (Failure to pay all wages due in violation of the OPLA)

36. Plaintiff incorporates and re-alleges the foregoing paragraph as though fully set forth herein and would further state as follows:

37. At all times relevant to this cause of action, 40 Okla. Stat. Ann. §§ 165.1, *et seq.* required an employer to pay all wages due, other than to "exempt employees."

38. At all times relevant to this cause of action, 40 Okla. Stat. Ann. §§ 165.1, *et seq.* defined an exempt employee as "management level employees except under the provisions of Section 213 of the FLSA, 29 U.S.C. § 213, from the provisions of Section 206 and 207 of said Act."

39. At all times relevant to this cause of action, Plaintiff was not considered exempt from the 40 Okla. Stat. Ann. §§ 165.1, *et seq.* wage requirements.

41. Defendant failed to fully compensate Plaintiff for her last day of work, November 9, 2016. Plaintiff worked from 12:15 p.m. to 1:15 p.m.

42. The aforementioned failure is in direct violation of the OPLA.

43. As a direct and proximate result of Defendant's willful violation of the OPLA, Plaintiff has suffered, and continues to suffer, loss of income.

44. Pursuant to the OPLA, Plaintiff is eligible to recover liquidated damages for Defendant's failure to pay all wages due, interest on those lost wages, cost and fees of any nature, and reasonable attorney's fees for bringing this action.

**WHEREFORE**, Plaintiff prays that Defendant appear and answer this Complaint, and that this Court: (1) declare the conduct engaged in by the Defendants to be in violation of Plaintiff's rights; (2) enjoin the Defendants from engaging in such conduct; (3) enter a judgment for Plaintiff

in an amount in excess of $100,000.00 plus interest, costs, attorney fees, and liquidated damages;

(4) order Plaintiff's be reinstated to her former position, or receive front pay in lieu thereof; and

(5) grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

Respectfully submitted,

**ARMSTRONG & VAUGHT, P.L.C.**

By: *s/ Charles C. Vaught*
**Charles C. Vaught, OBA #19962**
2727 East 21st Street, Suite 505
Tulsa, OK 74114
(918) 582-2500 – *telephone*
(918) 583-1755 – *facsimile*
***Attorney for Plaintiff***

8

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Lisa S. Whitlock<br>7227 West Cameron Street<br>Tulsa, OK 74127 | From: Oklahoma City Area Office<br>215 Dean A. McGee Avenue<br>Suite 524<br>Oklahoma City, OK 73102 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 564-2017-00291 | K. Kelly,<br>Investigator | (405) 231-4353 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*K. Kelly for*

Holly Waldron Cole,
Area Office Director

January 26, 2017

(Date Mailed)

Enclosures(s)

cc:     Human Resources
        Human Resources
        ACADEMY
        6120 East 41st Street South
        Tulsa, OK 74135

*Rec Jan 30, 2017*

EXHIBIT

A